## CIRCUIT COURT OF AMHERST COUNTY

City of Lynchburg

v.

Amherst County

December 10, 1973

By JUDGE ROBERT C. GOAD

The City of Lynchburg has for many years owned and used the Pedlar Dam Reservoir in Amherst County as a source of water for the City. Recently, the County has sought to assess and collect taxes from the City on this property under §§ 58-19 and 58-14 of the Code. The City claims this property is exempt from such taxation under Section 2 of the City Charter (Chapter 343, Acts of Assembly of 1928), which provides that the City "shall be exempt from all assessments for levies in the way of taxes imposed by the authorities of Bedford, Campbell or Amherst Counties for any purpose whatsoever."

Thus, a question of law is presented to the Court, which is whether or not Section 2 of the City Charter is now valid and constitutional or invalid and unconstitutional.

Section 117(b) of the Constitution of 1902, as amended, stated that the General Assembly may, by general law or by special act provide for the organization and government of cities and towns, and Section 2 of Article VII of the Constitution of 1971 authorizes the General Assembly to provide by special act for the organization, government and powers of any county, city, town or regional government, including such powers of legislation, taxation and assessment as the General Assembly may determine. Therefore, under either or both of the above constitutional provisions, Section 2 of the City Charter is valid and constitutional if it is a provision for the "organization and government"

of the City of Lynchburg. If it is not such a provision, it is invalid and unconstitutional.

In Black's Law Dictionary, the word "organize" is defined as to arrange in order for the normal exercise of appropriate functions, and the word "government" is stated to mean the machinery by which the State (or City) expresses its will and exercises its functions; or the framework of political institutions, departments and offices, by means of which the executive, judicial, legislative and administrative business of the State (or City) is carried on. When the General Assembly enacted the City Charter in 1928, it was clearly contemplated as a part of the framework of the City as a political subdivision that the City owned and/or would own certain facilities outside the city limits required for the normal exercise of its appropriate functions as a city, including but certainly not limited to the water supply reservoir involved in this case, which facilities should be protected and made exempt from all taxation in the three adjoining Counties "for any purpose whatever." It is beyond argument that furnishing water is an appropriate and necessary function of any city, without which the city could not exist. "No higher police duty rests upon municipal authority than that of furnishing an ample supply of pure and wholesome water for public and domestic uses." *See, Norfolk v. Nansemond Supervisors*, 168 Va. 606, 624 (1937). "We conclude that the acquisition and distribution of a supply of water for the needs of the modern city involve the exercise of essential governmental functions . . . ." *Brush v. Commissioner of Internal Revenue*, 300 U.S. 352, 57 S. Ct. 495, 500 (1937). Therefore, Section 2 of the City Charter is part of the organization and government of the City is a provision for such organization and government and is valid and constitutional. *See, Ransone v. Craft*, 161 Va. 332 (1933); *City of Portsmouth v. Weiss*, 145 Va. 94 (1926); *Fallon Florist v. City of Roanoke*, 190 Va. 564 (1950); *Davis v. Dusch*, 205 Va. 676 (1964); and *Pierce v. Dennis*, 205 Va. 478 (1964). The right and power of the City to have its property outside the City limits exempt from all taxation is just as certainly a part of the organization and government of the City as its right and power to tax the property of others within the City.

"In conclusion, we again draw attention to a policy of this State which has always prevailed. Taxes are not to be assessed against it or its subdivisions unless the right to tax is made plain. Nor is this affected by the fact that county property may be withdrawn from taxation." *Norfolk v. Nansemond Supervisors, supra.*